PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. ARMATAS, *etc.*, | ) | |
| | ) | CASE NO. 5:21CV1243 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| PULMONARY PHYSICIANS, INC. OF CANTON, OHIO, *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | [Resolving ECF Nos. 10, 11, 13, 29, 32, 33, and 34] |
| Defendants. | ) | |

Pending before the Court are Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) filed on behalf of Defendants AultCare Insurance Co. and Aultman Hospital (ECF No. 10), Pulmonary Physicians, Inc. of Canton, Ohio (ECF No. 11), and the Honorable Michael E. Jackson (ECF No. 32). Plaintiff filed a response. ECF No. 13.[1] Defendants AultCare Insurance Co. and Aultman Hospital filed a reply, which Defendant Pulmonary Physicians, Inc. of Canton, Ohio joined. ECF Nos. 22, 23.

---

[1] In a single filing, Plaintiff responded to the Motions to Dismiss filed by Defendants AultCare Insurance Co., Aultman Hospital (ECF No. 10), and Pulmonary Physicians, Inc. of Canton, Ohio. ECF No. 11. Incorporated in his response, Plaintiff sought an Emergency Motion to Stay Underlying State Court Litigation (ECF No. 13), to which Defendant Pulmonary Physicians, Inc. of Canton, Ohio, AultCare Insurance Co., and Aultman Hospital responded in opposition. ECF Nos. 19, 20. As a result of this Order granting the dismissals sought, Plaintiff's Emergency Motion to Stay Underlying State Court Litigation (ECF No. 13), Plaintiff's Motion to Disqualify the Cuyahoga County Prosecutor's Office (ECF No. 29), Defendant the Honorable Michael E. Jackson's Motion for Extension of Time (ECF No. 33), and Defendant Pulmonary Physicians, Inc. of Canton, Ohio's Motion for Leave (ECF No. 34) are denied as moot.

For the reasons set forth below, Defendants' respective Motions to Dismiss (ECF Nos. 10, 11, 32) are granted.

## I. Background

These motions come before the Court on the heels of a rather lengthy history of litigation filed by Plaintiff. In December 2016, Plaintiff filed a lawsuit in the Stark County, Ohio Court of Common Pleas asserting medical malpractice and wrongful death claims against Defendants. In February 2018, Plaintiff voluntarily dismissed his state court action. One year later, Plaintiff filed the same case in federal court,[2] asserting twelve causes of action. The case was resolved in March 2020, with U.S. District Judge John R. Adams adopting the Report and Recommendation of the assigned magistrate judge, thereby dismissing Plaintiff's federal claims and declining to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

Plaintiff refiled his claims in state court in April 2020.[3] The instant case was filed in June 2021. In July 2021, Plaintiff filed an Amended Complaint (ECF No. 15)[4] seeking adjudication of the following counts: (1) "Declaratory Judgment that Federal District Court Judge John R. Adams Dismissed all of Plaintiff's state law claims without prejudice" (ECF No. 15 at PageID #: 502 – 507); (2) "Declaratory Judgment that the statutes of limitation regarding Plaintiff's state

---

[2] Plaintiff filed Case No: 5:19CV00349 in the United States District Court for the Northern District of Ohio.

[3] *See* Case No. 2020CV00741, Stark County Common Pleas Court.

[4] The Amended Complaint only named an additional Defendant, the Honorable Michael E. Jackson. No substantive changes were made. Order (ECF No. 18).

law claims did not "expire" during the pendency of the Federal Court Litigation" (ECF No. 15 at PageID #: 507 – 526)[5]; (3) "Declaratory Judgment that the Ohio Supreme Court's recent ruling in *Wilson v. Durrani*, Slip Opinion No. 2020-Ohio-6827 (Dec. 23, 2020), that Ohio's Saving Statute does not foreclose the application of Ohio's four-year statute of repose to medical negligence claims is unconstitutional when applied retroactively to causes of action which accrued many years prior to such decision" (ECF No. 15 at PageID #: 526 – 536); (4) "Declaratory Judgment that Plaintiff's First Amendment Right of Access to Court covers abuses that occurred both before and after the filing of his complaint" (ECF No. 15 at PageID #: 536 – 544)[6]; and, a (5) "Request for Injunctive Relief" (ECF No. 15 at PageID #: 544 – 549).

---

[5] Plaintiff includes subsections under this claim, requesting that the Court issue: (a) "Declaratory Judgment that Plaintiff had until February 20, 2019 to re-file his non-medical claims in federal court pursuant to Ohio's Saving Statute and federal policy (ECF No. 15 at PageID #: 509 – 513); (b) "Declaratory Judgment that Plaintiff had until February 20, 2019 to re-file and thus preserve his wrongful death claim pursuant to Ohio's Saving Statute because local federal courts do not recognize Ohio's Statute of Repose with regard thereto" (ECF No. 15 at PageID #: 514 – 519); and, (c) "Declaratory Judgment that Plaintiff had until May 3, 2020 to re-file and thus preserve his wrongful death claim and remaining state law claims in state court pursuant to 28 U.S.C § 1367(d)" (ECF No. 15 at PageID #: 519 – 526).

[6] Plaintiff includes subsections under this claim, requesting that the Court issue: (a) "Declaratory Judgment that Plaintiff's pre-complaint First Amendment Denial of Court claim cannot be defeated by unsupported speculation by the Trial Court that a state court judge would have granted Plaintiff an unlimited amount of time to obtain the decedent's medical records" (ECF No. 15 at PageID #: 540 – 543); and (b) "Declaratory Judgment that Plaintiff's First Amendment Denial of Court Claim applies equally to post-complaint events as pre–complaint matters" (ECF No. 15 at PageID #: 543 – 544).

(5:21CV1243)

## II. Standard of Review

### A. Fed. R. Civ. P. 12(b)(1)

"There are two types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction: (1) facial attacks; and (2) factual attacks." *Muminov v. Sessions*, No. 1:18CV1034, 2018 WL 5298386, at *1 (N.D. Ohio Oct. 25, 2018) (citing *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990)). "Regardless of the type of attack, the Plaintiff, as the party invoking federal subject matter jurisdiction, bears the burden of persuading the Court that subject matter jurisdiction exists." *Muminov*, No. 1:18CV1034, 2018 WL at *1 (citing *Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir. 2005)).

"A Facial attack on subject matter jurisdiction questions the sufficiency of the pleading." *Muminov*, No. 1:18CV1034, 2018 WL at *1 (citing *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325). "In reviewing a facial attack, a trial court takes the allegations in the complaint as true." *Muminov*, No. 1:18CV1034, 2018 WL at *1 (citing *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325). "Under a factual attack, however, no presumptive truthfulness applies to the factual allegations." *Muminov*, No. 1:18CV1034, 2018 WL at *1 (citing *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325). "When facts presented to the district court give rise to a factual controversy, the district court must then weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Muminov*, No. 1:18CV1034, 2018 WL at *1 (citing *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325). "In reviewing a factual attack, a trial court has wide discretion to allow documentary evidence, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Muminov*, No. 1:18CV1034, 2018 WL at *1 (citing *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325).

**B. Fed. R. Civ. P. 12(b)(6)**

"Following *Twombly* and *Iqbal*, it is well settled that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ctr. for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform*, 648 F.3d at 369 (quoting *Iqbal*, 556 U.S. at 678). When considering a motion to dismiss, we must " 'accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.' " *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007)). "We do not, however, need to accept as true legal conclusions couched as factual allegations." *Campbell v. Nationstar Mortg.,* 611 F. App'x 288, 291 (6th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft,* 556 U.S. at 677 – 78 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

## III. Discussion

### A. Declaratory Judgment Act

"The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that '[i]n a case of actual controversy within its jurisdiction ..., any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007), (quoting 28 U.S.C. § 2201). "But § 2201 does not create an independent cause of action." *Id.* *See* *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (holding that "Congress enlarged the range of remedies available in the federal courts [under the Act] but did not extend their jurisdiction"). "A federal court accordingly 'must have jurisdiction already under some other federal statute' before a plaintiff can 'invok[e] the Act.'" *Id.* (quoting *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007)).

Counts 1 – 4 of the Amended Complaint (ECF No. 15) assert claims pursuant to the Declaratory Judgment Act.[7] Plaintiff does not, however, point to any other legal authority bestowing jurisdiction under that Act.[8] Each count alleges state law claims that do not depend on the interpretation of or application of federal law for their resolution.[9] As a result, the Court does

---

[7] Plaintiff simply states "[t]his is an action for declaratory judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 – 2202[.]" ECF No. 15 at PageID #: 485, ¶ 18.

[8] The Amended Complaint (ECF No. 15) invokes diversity jurisdiction, but that does not exist. See ECF No. 10 at PageID #: 418 ("The diversity jurisdiction statute—28 U.S.C. § 1332—plainly does not apply here, where, all the parties are citizens of Ohio.")

[9] Count 2 is no different despite its mention of 28 U.S.C. § 1367(d). *See* ECF No. 10 at PageID #: 419; ECF No. 11 at PageID #: 444; and ECF No. 13 at PageID #: 466 (continued...)

not have subject matter jurisdiction over Counts 1 – 4. *See, e.g.*, *Heydon v. MediaOne of Se. Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (holding that Plaintiffs did not have federal question jurisdiction for their claims made pursuant to the Declaratory Judgment Act); *Toledo*, 485 F.3d at 837 (holding that Plaintiffs "failed to establish the district court's jurisdiction over their suit" because they did not identify any other congressional statute besides the Declaratory Judgment Act).

Even if subject matter jurisdiction existed, the Court is not persuaded that issuance of declaratory judgment would be appropriate. When making such a determination, the Court examines:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

Count 1 seeks to have the Court issue a declaratory judgment on a judgment entered by another judge of this Court. Judge Adams' ruling is patent from the docket.[10] Plaintiff has provided no legal basis for the undersigned to declare judgment regarding that judge's decision.

---

[9](...continued)
(addressing application of the statute to ***state*** law tolling issue) (emphasis in Plaintiff's Reply (ECF No. 13)).

[10] *See* Case No. 5:19CV349 of the United States District Court for the Northern District of Ohio, specifically the Order and Judgment Entry. ECF No. 174.

Counts 2 through 4 seek declaratory judgment on questions of state law. A more jaundiced reading reveals that Plaintiff seeks advisory rulings on matters pending before or already resolved by a state court. Neither is an appropriate basis for the federal litigation at bar. The Court is not inclined to interpret questions of state law nor the consequences of prior legal action, without an appropriate justification. *See Grand Trunk W.R. Co.*, 746 F.2d at 326 (denying Plaintiff's request for declaratory relief regarding a contract established under Michigan law because doing so "will create unnecessary friction between federal and state courts" and also "[c]ourts deny declaratory relief if an alternative remedy is better or more effective[,]" such as state court appellate review).

For the reasons stated above, Counts 1 – 4 are dismissed.

**B. Anti–Injunction Act**

In Count 5, Plaintiff seeks injunctive relief in the form of enjoining and staying Plaintiff's state court litigation filed in April 2020.[11] Under the Anti–Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti–Injunction Act creates " 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of

---

[11] Plaintiff invokes Fed. R. Civ. P. 65 and non–binding precedent as a basis for being granted a preliminary injunction. ECF No. 15 at PageID #: 544–545, ¶¶ 191–194. *See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1094 (7th Cir. 2008). Neither serves its purpose. *Girl Scouts of Manitou Council, Inc.* relies on the "better than negligible" standard to show likelihood of success on the merits. That standard was retired by the United States Supreme Court. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020) (reminding "both the district courts and [the 7th Circuit] that the 'better than negligible' standard was retired by the Supreme Court").

three specifically defined exceptions.' " *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004) (quoting *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286–87 (1970). The three exceptions are "(1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments." *Id.*

Plaintiff directs the Court to no Congressional act expressly authorizing the enjoining of state court proceedings. Neither the Declaratory Judgment Act nor Fed. R. Civ. P. 65 provide such authorizations. Furthermore, enjoining state court proceedings is not necessary to aid in the Court's jurisdiction because, as stated above, the Court does not have jurisdiction over the matters presented in this case. Finally, state court proceedings need not be halted to effectuate any judgment rendered by this court. Since the issuance of Judge Adams' March 2020 judgment, state court proceedings have been initiated and caused no issue within the federal court. In sum, none of the specifically defined exceptions apply in this case. Plaintiff has not stated a claim for injunctive relief, therefore Count 5 is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**C. *Rooker–Feldman* Doctrine**

The *Rooker–Feldman* doctrine prohibits federal district courts from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc., v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004). The doctrine is limited to cases in which "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and

rejection of that judgment." *Persley v. Lee*, 794 F. Supp. 2d 728, 731 (E.D. Ky. 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)).

In the case at bar, there is ongoing state court litigation.[12] Because there is no final judgment from the state court, it is premature to analyze the *Rooker–Feldman* doctrine's applicability. Additionally, given the rulings above, such an analysis is unnecessary.

**IV. Conclusion**

For the above reasons, the Motions to Dismiss filed on behalf of Defendants AultCare Insurance Co. and Aultman Hospital (ECF No. 10), with Pulmonary Physicians, Inc. of Canton, Ohio (ECF No. 11), and the Honorable Michael E. Jackson (ECF No. 32) are granted. As a result of this Order granting the dismissals sought, Plaintiff's Emergency Motion to Stay Underlying State Court Litigation (ECF No. 13), Plaintiff's Motion to Disqualify the Cuyahoga County Prosecutor's Office (ECF No. 29), Defendant the Honorable Michael E. Jackson's Motion for Extension of Time (ECF No. 33), and Defendant Pulmonary Physicians, Inc. of Canton, Ohio's Motion for Leave (ECF No. 34) are denied as moot. Also, given the rulings above, the case is dismissed in its entirety.

IT IS SO ORDERED.

September 22, 2021
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge

---

[12] Plaintiff filed an action in the Stark County Common Pleas Court in April 2020. *See* n. 3 *supra*.